ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for Defendant UNITED STATES OF AMERICA

FILED
DISTRICT COURT OF GUAM
MAR 22 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| JEREMY J. CAMACHO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RYAN P. BLUME, NISSAN MOTORS CORPORATION IN GUAM, a Guam Corporation, TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD.,<br><br>　　　　Defendants. | CIVIL NO. 07-00005<br><br>NOTICE OF REMOVAL OF CIVIL ACTION; EXHIBIT A; CERTIFICATE OF SERVICE |

Upon direction of the Attorney General of the United States and pursuant to Title 28, United States Code, Sections 1441, 1442, 1444 and 1446, the undersigned attorneys on behalf of Defendant Ryan P. Blume, a federal employee, acting in the scope of his employment, hereby give notice of the removal of the above-captioned civil action to the United States District Court for the District of Guam. The grounds for this removal are as follows:

　　1.　On December 5, 2005, a Complaint was filed by plaintiff against defendants, in the Superior Court of Guam, Territory of Guam. The Superior Court action is numbered Civil No. CV 1219-05

　　2.　A copy of the Complaint, relating to the said Superior Court action was received in the United States Attorney's Office. A copy of the Complaint, is attached hereto as Exhibit A.

3. The above-named action is a civil action which may be removed to this court by the United States of America, pursuant to the provisions of Title 28, United States Code, Sections 1441, 1442, 1444 and 1446 in that this action is an action involving a Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. arising out of an accident which occurred on December 6, 2003, on Route 15 and 26, Mangilao, Guam. The defendant in that action, Ryan P. Blume, has been certified by the U.S. Air Force as a federal employee who was acting within the scope of his employment at the time of the accident. Accordingly, the exclusive remedy is against the United States pursuant to 28 U.S.C. § 2679(b)(1).

WHEREFORE, the United States of America gives notice that the above action now pending against it in the Superior Court of Guam, Territory of Guam, is removed therefrom to this Court.

This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil Procedure.

DATED: Hagatna, Guam, 22ND day of March 2007.

LEONARD M. RAPADAS
United States Attorney
Districts of Guam and CNMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that March 22nd , 2007, I served a copy of the foregoing Application by the United States of America for Writ of Certiorari Ordering the Records From the Superior Court of Guam by personal service upon the following attorneys:

Louie J. Yanza
Maher, Yanza, Flynn, Timblin
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910

Jeff Cook
Law Offices of Cunliffe & Cook
210 Archbishop F.C. Flores Street
Hagatna, Guam 96910

*Frances B Leon Guerrero*
FRANCES B. LEON GUERRERO
Legal Assistant U.S. Attorney

LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Plaintiff

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JEREMY J. CAMACHO | CIVIL CASE NO. CV 1219-05 |
| Plaintiff, | |
| vs. | |
| RYAN P. BLUME, NISSAN MOTORS CORPORATION IN GUAM, a Guam Corporation, TOKIO MARINE AND NICHIDO FIRE INSURANCE CO. LTD., | **COMPLAINT FOR DAMAGES** |
| Defendants. | |

**COMES NOW** Plaintiff Jeremy J. Camacho, through counsel, Cunliffe & Cook, A Professional Corporation, and hereby allege as follows:

### FIRST CAUSE OF ACTION

1. This Court has jurisdiction over the cause of action pursuant to 7 GCA §3105.

2. Defendant Nissan Motors Corporation in Guam (hereafter "Defendant NMCG"), is, and at all times herein mentioned was, a business duly licensed in Guam, whose business includes the renting of automobiles.

3. At all times herein mentioned, Defendant NMCG was the registered owner of the 2003 Nissan Sentra, Guam License Plate No. ASA4431.

4. On information and belief, Defendant Ryan P. Blume (hereafter "Defendant Blume"), at the times mentioned herein, was a resident of Yigo, Guam, and was a permissive driver of the 2003 Nissan Sentra owned by Defendant NMCG.

5. Defendant Tokio Marine and Nichido Fire Insurance Co. Ltd. (hereafter "Defendant Tokio"), is, and at all times mentioned here, was, a corporation doing business in Guam and insuring Defendant NMCG under a policy of automobile liability insurance as the successor of Nichido Fire and Marine Insurance Co. Ltd.

6. Route 15 and Route 26, Mangilao, are, and at all times mentioned herein were, public highways in Guam.

7. On or about December 6, 2003, at approximately 6:40 p.m., Plaintiff was a passenger in a vehicle driven by Seung Hwan Pak, owned by Moon K. Hwang, and insured by Defendant Tokio. The vehicle Plaintiff was a passenger in and driven by Seung Hwan Pak was traveling southbound on Route 15 by Route 26, Mangilao, Guam. Defendant Blume attempted to execute a left turn from Route 15 onto Route 26 and struck the vehicle driven by Seung Hwan Pak. Defendant Blume received a verbal warning from the Guam Police Department for failing to yield while making a left hand turn, in violation if 16 GCA §3325(c).

8. At the time of the accident and immediately prior thereto, Defendant Blume was negligent and careless in the following particulars:

    a. In failing to keep his automobile under proper control;

    b. In failing to keep a proper look out for other vehicles using the highway in front of him and particularly the automobile in which Plaintiff was a passenger and was injured;

    c. In operating his motor vehicle without due caution or circumspection, and in utter disregard of the rights of others and particularly the rights of Plaintiff herein; and,

    d. In failing to yield the right of way at the intersection to the automobile Plaintiff was a passenger in, as noted in the warning of

- 2 -

the Guam Police Department. Each and all said acts of negligence were the approximate cause of the injuries to Plaintiff.

9. At the time of accident, Defendant Blume was driving the automobile in question with the consent, knowledge, permission and authority of Defendant NMCG. Defendant NMCG is liable for the damages caused by the negligence of Defendant Blume.

10. As a result of the negligence of Defendants and the resulting collision, Plaintiff received serious injuries to his right knee which caused significant and severe aggravation of a previous minor knee injury.

11. As a result of the accident, Plaintiff has suffered intense and continued pain and discomfort. Plaintiff has been subjected to pain, discomfort and suffering when attempting to use his right knee in carrying out the normal activities of daily life.

12. As result of the injuries to Plaintiff, it has been necessary for him to secure the services of physicians for treatment and purchase medicines for his treatment in an amount to be proved at trial.

13. Plaintiff's physicians have informed him, and therefore, he alleges on information and belief that it will be necessary for him to have surgery as further medical treatment in the future to correct the conditions herein and described above, in an amount to be proved at trial.

14. Since the date of the accident and resulting personal injuries set forth above, Plaintiff has suffered physical and emotional pain and suffering and in all reasonable probability, will continue to suffer pain for years, if not for the rest of his life. Plaintiff therefore, sues Defendants for physical and emotional pain and suffering, both past and future, as well as loss of enjoyment of life, in an amount to be proved at trial

15. As a further direct and approximate result of the above, Plaintiff was permanently injured in his health and physical ability, causing diminishment of Plaintiff's future earning capacity, all to his damage in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

16. Plaintiff reallege paragraphs 1 through 15, inclusive, of the First Cause of Action and incorporate them herein as if set out in their entirety.

17. Defendant Tokio, the automobile liability insurance carrier for Defendant NMCG, is directly liable within the terms and limits of its policy for the damages alleged herein pursuant to 22 GCA §18305.

## PRAYER

WHEREFORE, Plaintiff Jeremy J. Camacho prays for judgment against all Defendants, jointly and severally, as follows:

1. For damages for medical expenses, past and future, in an amount to be proved at trial.

2. For damages for pain and suffering and loss of enjoyment of life in an amount to be proved at trial.

3. For damages for reduced future earning capacity in an amount to proved at trial.

4. For Plaintiff's cost of suit herein.

5. For such other and further relief as the Court deems just and proper.

CUNLIFFE & COOK
A Professional Corporation
Attorneys for Plaintiff

Dated: Dec 5, 2005

By _____
JEFFREY A. COOK, ESQ.

- 4 -

## VERIFICATION

Hagåtña, Guam.

I, Jeremy J. Camacho, being first duly sworn, depose and state that I am the Plaintiff in the above-entitled matter; that I have read the foregoing Complaint for Damages and know the contents thereof; that the same is true of my knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

_____
JEREMY J. CAMACHO

Hagåtña, Guam.

SUBSCRIBED and SWORN to before me this **5th** day of December, 2005, by JEREMY J. CAMACHO.

_____
NOTARY PUBLIC

ANTHONY M. MANGLOÑA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires May 13, 2008
Suite 200, 210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910

JAC:amm / My Files / Civil Matters
Comp for Damages C0298