# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JEREMY J. CAMACHO,<br><br>    Plaintiff,<br><br>vs.<br><br>RYAN P. BLUME, NISSAN MOTORS CORP. IN GUAM, a Guam corporation, TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD.,<br><br>    Defendants. | Civil Case No. 07-00005<br><br>ORDER |

On December 5, 2005, a Complaint was filed by the Plaintiff against the Defendants in the Superior Court of Guam. The Complaint arose from a motor vehicle collision between two vehicles, with the Plaintiff a passenger in one vehicle and defendant Ryan Blume the driver of the other vehicle.

On March 22, 2007, the United States of America filed a Notice of Removal of the civil action to this Court. (Docket No. 1.) The Notice of Removal stated that the case was removed pursuant to 28 U.S.C. §§ 1441, 1442, 1444 and 1446 since the action involves the Federal Tort Claims Act ("FTCA"). Additionally, the Notice of Removal asserted that Mr. Blume "has been certified by the U.S. Air Force as a federal employee who was acting with the scope of his employment at the time of the accident," and thus, pursuant to 28 U.S.C. §2679(b)(1), the exclusive remedy is against the United States. Contemporaneous to the filing of the Notice of Removal, the United States filed a Notice of Substitution. (Docket No. 3.)

The Federal Employees Liability Reform and Tort Compensation Act ("FELTRCA"),

also known as the Westfall Act, amended the FTCA "to protect federal employees from personal liability" for their wrongful or negligent acts while acting within the scope of their employment. Saul v. United States, 928 F.2d 829, 832 (9th Cir. 1991). If a suit is commenced against a federal employee, pursuant to the Westfall Act, the United States is substituted as the defendant in the action if the Attorney General or his designee certifies "that the defendant employee was acting within the scope of his office or employment at the time the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2). This certification is commonly referred to as a "Westfall certification." When said action is instituted in a state or local court, it is subject to removal to the United States district court "embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2).

In the present case, a Westfall certification by the Attorney General or his designee has not been filed in this Court. The only indication in the Court's records is a mere statement in the Notice of Removal that Mr. Blume "has been certified by the U.S. Air Force as a federal employee who was acting within the scope of his employment at the time of the accident." Docket No. 1 at 2, ¶3.

Accordingly, the Court must deny the substitution at this time. The United States is directed to file the appropriate Westfall certification no later than 10 days following its receipt of this Order. Thereafter, the Court will review its decision on the Notice of Substitution, subject to any challenge the Plaintiff may bring to the Westfall certification.



**/s/ Joaquin V.E. Manibusan, Jr.**
      **U.S. Magistrate Judge**
**Dated: Mar 22, 2007**