ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
KRISTIN D. ST. PETER
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JEREMY J. CAMACHO,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, NISSAN MOTORS CORPORATION IN GUAM, a Guam Corporation, TOKIO MARINE and NICHIDO FIRE INSURANCE CO. LTD.<br><br>Defendants. | Case No. CV 07-00005<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br>[Fed. R. Civ. P. 12 (b) (1)]<br><br>HEARING:<br>TIME: |

## MOTION

Now Comes, the United States of America on behalf of its employee Ryan P. Blume and moves to dismiss Plaintiff Jeremy J. Camacho's Complaint in the above entitled action on the grounds that because the Plaintiff failed to exhaust the administrative remedies prescribed under the Federal Tort Claims Act, this Court lacks subject matter jurisdiction over Plaintiff's claim. *See* 28 USC § 2675 (a) (2007); *see also Jerves v. U.S.*, 966 F. 2d 517, 521 (9th Cir. 1992). Accordingly, the United States of America submits this motion pursuant to Federal Rule of Civil Procedure 12 (b) (1).

## PARTIES

Plaintiff Jeremy J. Camacho is an individual who resides on the island of Guam (hereafter "Plaintiff").

Defendant Ryan P. Blume is a member of the United States Air Force and at all time relevant was acting within the scope of him employment (hereafter "Blume"). *See* Attachment A. By order of this Court dated April 9, 2007, the United States of America was substituted for defendant Ryan P. Blume (hereafter "Defendant USA").

Defendant Nissan Motors Corporation is an entity transacting business within the Territory of Guam (hereafter "Defendant Nissan").

Defendant Tokio Marine and Nichido Fire Insurance Co. Ltd is an entity transacting business within the Territory of Guam (hereafter "Defendant Takio").

## FACTS

In his Complaint for Damages filed with the Superior Court of Guam on December 5, 2005, Plaintiff alleges that on December 6, 2003, at approximately 6:40 p.m., Plaintiff was a passenger in a

vehicle driven by Seung Hwan Pak. At the time of the incident, the vehicle in question was allegedly owned by Moon K. Hwang, and insured by Defendant Tokio. *See* Plaintiff Complaint at ¶ 7. Plaintiff further alleges that the vehicle in which he was a passenger was traveling southbound on Route 15 when it was struck by a car driven by Blume. *See id.* Plaintiff claims that at the time of the accident, Blume's conduct was negligent and careless. *See id.* at ¶ 8. As a result of Blume's alleged negligence, Plaintiff is seeking damages for injuries arguably sustained. *See id.* at ¶ 10.

On April 17, 2006, Plaintiff filed a Claim for Damage, Injury, or Death, also known as a Standard Form 95, seeking damages from the United States Air Force (hereafter "USAF") in the amount of $200,000 for injuries allegedly sustained as a result of the accident involving Blume. *See* Attachment B. In a letter dated December 20, 2006, Major Bradford Hunt, acting on behalf of the USAF, denied Plaintiff's claim. *See* Attachment C.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint for Damages, CV 1219-05 with the Superior Court of Guam on December 5, 2005, more than four months prior to submitting his claim to the USAF. On January 13, 2006, Defendant Nissan and Defendant Tokio answered Plaintiff's complaint. On March 22, 2007, Defendant USA filed a Notice of Removal with this Court. That very same day, the Honorable Joaquin V.E. Manibusan issued an order acknowledging that the matter pending involved the Federal Tort Claims Act and requesting that the United States Attorney file a Westfall certification. On April 5, 2007, the United States Attorney filed a Westfall Certification attesting to the fact that Blume was acting within the scope of his employment with the USAF at the time of the alleged accident. On April 9, 2007, this Court ordered that the United States be substituted as a defendant in the place of Blume and that the case title be re-captioned. On April 17, 2007, this Court issued an Order Directing

Clerk to Issue Writ of Certiorari, whereby the record in CV 1219-05 was transferred from the Superior Court of Guam to the U.S. District Court of Guam.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12 (b) (1) states that the defense of lack of subject matter jurisdiction may, at the option of the pleader, be made by motion. *See* Fed. R. Civ. P. 12 (b) (1) (2005). In a claim for damages against the United States, an independent cause of action must first be submitted for administrative review before that claim can be filed in federal court. *See Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002) *citing* 28 U.S.C. § 2675(a). When a claim is not first presented to the appropriate agency, the District Court must dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See id.* at 1055; *see also McNeil v. United States*, 508 U.S. 106, 124 L. Ed. 2d 21, 113 S. Ct. 1980 (1993).

## ARGUMENT

The issue presented before this Court is one of timing. More specifically, whether this Court can excuse Plaintiff's failure to strictly adhere to the procedural requirements set forth within the Federal Tort Claims Act. Both the United States Supreme Court and the Ninth Circuit have squarely addressed this issue and held that the Federal Tort Claims Act bars a plaintiff from bringing suit in federal court unless and until they exhaust their administrative remedies. *See id; see also McNeil v. United States*, 508 U.S. at 113.

The Federal Tort Claims Act provides as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the</u>

<u>appropriate Federal agency</u> and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. *See* 28 USC § 2675 (a) (2007) <u>underline added</u>.

In this instance, Plaintiff filed his Complaint for Damages, CV 1219-05 with the Superior Court of Guam on December 5, 2005. On April 17, 2006, Plaintiff filed a Claim for Damage, Injury, or Death, also known as a Standard Form 95, seeking damages from the USAF for injuries allegedly sustained as a result of the accident involving Blume. Plaintiff's civil complaint was filed with the Guam Superior Court more than four months prior to submitting his claim to the USAF.

Because it is undeniable fact that Plaintiff filed his complaint in Guam Superior Court before first presenting his claim to the USAF, this matter must be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

WHEREFORE, based upon the foregoing, this honorable Court should grant Defendant United States' Motion to Dismiss.

Respectfully submitted,
LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

Dated: May 29th, 2007

By _____
KRISTIN D. ST. PETER
Special Assistant U. S. Attorney

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served, via personal service, on the 31st day of May, 2007, upon the following:

> Law Offices of Cunliffe & Cook
> Jeffrey A. Cook, Esq.
> 210 Archbishop F.C. Flores Street
> Hagatna, Guam 96910
>
> Attorney for Plaintiff
>
> Law Offices of Maher Yanza Flynn Timblin LLP
> Terence E. Timblin, Esq.
> 115 Hesler Place
> Ground Floor, Governor Joseph Flores Building
> Hagatna, Guam 96910
>
> Attorney for Nissan Motors Corporation Guam and
> Tokio Marine and Nichido Fire Insurance Co., Ltd.

_____
FRANCES B. LEON GUERRERO
Legal Assistant





DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY

OCT 2 5 2006

HQ AFLOA/JACC
1501 Wilson Blvd, Ste 835
Arlington, VA 22209-2403

Mr. Mikel Schwab
Assistant US Attorney
Sirena Plaza
108 Hernan Cortez, Suite 500
Hagatna, Guam 96910

      Re: Scope of Employment Analysis and Recommendation for Motion to Dismiss, <u>Jeremy J. Camacho v. Ryan P. Blume, Nissan Motors Corporation in Guam, Tokio Marine and Nichido Fire Insurance Co. Ltd.</u>, Superior Court of Guam, CV 1219-05

Dear Mr. Schwab,

    Please find enclosed a copy of the above referenced lawsuit against Ryan P. Blume, an active duty Air Force member, among other defendants. I have reviewed the facts of this case and believe he was acting within the scope of his employment. Therefore, I request that the United States Attorney finds Senior Airman (SrA) Ryan Blume was acting within the scope of his employment and the matter be removed to United States District Court and the United States be substituted as the Defendant in his stead pursuant to 28 U.S.C. §2679(d)(1) and (2). Once that has been accomplished, the United States should be dismissed for lack of jurisdiction for the premature filing of this lawsuit.

    Whether the United States should be substituted as the defendant depends on whether SrA Blume was acting within the scope of his employment at the time of the accident. Under Guam law, an employee is within the scope of employment, when he commits wrongful acts in and as part of the transaction of the business of the agency. 18 G.C.A. §20309. <u>See also</u>, <u>Fajardo v. Liberty House Guam</u>, 2000 Guam 4 (Guam 2000) (noting that 18 G.C.A. §20309 is in accord with the spirit of common law). SrA Blume was driving a rental vehicle, rented pursuant to official orders and the cost of which was reimbursed by the United States. He was driving from another military member's quarters, under the direction of his supervisor. The facts clearly show that he was transacting the business of the Air Force when the accident happened. Thus, we recommend that the United States Attorney certify SrA Blume was acting within the scope of his employment, the case be removed to United States District Court and the United States be substituted as the defendant in his stead.[1]

---

[1] In cases under the FTCA, as here, the Westfall Act dictates that the only proper defendant is the United States. Thus, SrA Blume need not request representation and fill out a DoJ Form 399, as in a <u>Bivens</u> action. Rather, the

1

ATTORNEY WORK PRODUCT PREPARED IN DIRECT SUPPORT OF LITIGATION. NOT FOR RELEASE OR TRANSFER WITHOUT SPECIFIC APPROVAL OF THE ORIGINATOR OR AFLOA/JACC. NOT SUBJECT TO DISCOVERY OR RELEASE UNDER PL 93-502 (5 U.S.C. 552)



Assuming that SrA Blume is found in the scope of his employment and the United States is substituted as the defendant, I request that you immediately move the court to dismiss the case for lack of subject matter jurisdiction. Although Plaintiff has filed an administrative tort claim, it was not filed until after the present lawsuit was filed. This lawsuit was filed on December 5, 2005. The administrative claim was not received by the Air Force until April 17, 2006. 28 US.C. §2675(a) clearly states that "an action shall not be *instituted* upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate federal agency...." The Supreme Court has definitively held that where suit has been initiated before the administrative claim was filed, the court has no jurisdiction over the case. This is true even if the administrative claim was subsequently filed and even if the claim has been denied (or deemed denied under the 6-month rule) with no meaningful action on the case in the interim. McNeil v. U.S., 508 U.S. 106 (1993).

Should you require any additional assistance, please contact Major Brad Hunt, the staff attorney responsible for monitoring this case. He may be contacted at the above address, by email at bradford.hunt@pentagon.af.mil, by telephone at (703) 696-9002 or facsimile at (703) 696-9009.

Sincerely

HILDEGARDE CONTE PERLSTEIN
Acting Chief, Claims and Tort Litigation Division
Air Force Legal Operations Agency

Attachments:
1. Complaint for Damages
2. Declaration of SrA Blume
3. Cover letter of Plaintiff's attorney, dated 10 April 2006, presenting administrative claim
4. Annotated copy of SF 95, noting it was received on 17 April 2006.
5. Claim File

---

United States Attorney in the District with jurisdiction may certify scope of employment. See U.S. Attorneys Manual 4-5.220.

ATTORNEY WORK PRODUCT PREPARED IN DIRECT SUPPORT OF LITIGATION. NOT FOR RELEASE OR TRANSFER WITHOUT SPECIFIC APPROVAL OF THE ORIGINATOR OR AFLOA/JACC. NOT SUBJECT TO DISCOVERY OR RELEASE UNDER PL 93-502 (5 U.S.C. 552)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| JEREMY J. CAMACHO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Declaration ) |
| RYAN P. BLUME, et al. | ) ) |
| Defendants | ) ) ) |

I, RYAN P. BLUME, was an active duty military member of the United States Air Force at all times relevant to this case. I am presently a Staff Sergeant in the United States Air Force assigned to Keflavik Naval Air Station, Iceland.

On 6 December 2003, I was on duty working as an Air Force Security Forces officer. As part of my duties that day, I was sent to the residence of A1C Matthew Shahan, by TSgt Richard Chargualaf. A1C Shahan was supposed to be at work, but had not shown up as scheduled. While returning from his residence, I was involved in an automobile accident with Jeremy Camacho.

All of my actions in this matter were within the scope of my official Air Force duties and under color of my position as a Security Forces Officer. By following my supervisor's orders to check on the whereabouts of A1C Shahan, I acted in the good faith belief that my actions were reasonable and in accordance with the law.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 15 day of June, 2006, at United States Naval Air Station Keflavik, Iceland.

RYAN P. BLUME, SrA, USAF

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency: 36 WG/JAD<br>United States Air Force<br>Building 23028, Andersen Air Force Base<br>Yigo, Guam<br>Unit 14003 Box 28<br>APO AP 96543<br>OFFICIAL BUSINESS | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Jeremy Camacho<br>Post Office BOx 3509<br>Hagatna, Guam 96932<br>Jeffrey A. Cook, Esq.<br>CUNLIFFE & COOK P.C.<br>Ste. 200 210 A.F.C. Stree<br>Hagatna, Guam | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>12/9/1985 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>12/6/2003   Saturday | 7. TIME (A.M. OR P.M.)<br>6:40.p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

PLEASE SEE ATTACHED.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
NOT APPLICABLE.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
NOT APPLICABLE.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

PLEASE SEE ATTACHED.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| -Seung Hwan Park | -H-1 Park Villa<br>Mangilao, Guam 96923 |
| -Richard J. Blas | -1283 Toves Street<br>Yigo, Guam 96929 |

12. (See Instructions on reverse.)   **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $0.00 | $200,000.00 | $0.00 | $200,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>(671) 472-1824 | 14. DATE OF SIGNATURE<br>4/10/2006 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 (See 18 U.S.C. 287, 1001.) |

95-109   NSN 7540-00-634-4046   STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

AAFB 06-122



## DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY

2 0 DEC 2006

HQ AFLOA/JACC
1501 Wilson Blvd, Ste 835
Arlington, VA 22209-2403

Mr. Jeffrey A. Cook
Law Offices of Cunliffe & Cook
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910

Re: Your client Jeremy Camacho, Claim No.: Andersen AFB 06-122

Dear Mr. Cook,

Under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, I have considered your claim arising out of the motor vehicle accident in Guam on December 6, 2003. After a careful review of the facts and applicable law, I deny your client's claim.

This is the final denial of your claim. I note that a lawsuit has been filed in the Superior Court of Guam regarding the allegations set forth in Jeremy Camacho's administrative claim. Should the action presently in litigation be dismissed on any grounds, you are reminded of the requirement that proper suit be filed in an appropriate United States District Court not later than six months after the date of mailing of this letter.

Sincerely,

BRADFORD S. HUNT, Major, USAF
Chief, General Torts Branch
Claims and Tort Litigation Division
Air Force Legal Operations Agency

DIST
JACT COORDFILE
JACT READ FILE
JAC READ FILE
DRAFTER
BASE COPY
OTHER