

Guam Judicial Center ● 120 West O´Brien Drive ● Hagåtña, Guam 96910

**Telephone (671) 475-3449**
**Fax (671) 472-2856**

RICHARD B. MARTINEZ
Clerk of Courts

June 25, 2007

CV-07-00005
**FILED**
DISTRICT COURT OF GUAM

JUN 26 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

Ms. Judith Hattori
District Court of Guam
Office of the Clerk
4th Floor U.S. Courthouse
West Soledad Avenue
Hagåtña Guam 96910

Re:   Superior Court Case No. CV1219-05
      Caption:

      *Jeremy J. Camacho, Plaintiff, Vs. Ryan P. Blume, Nissan Motors Corporation In Guam, a Guam Corporation, Tokio Marine and Nichido Fire Insurance Co., Ltd., Defendants.*

Dear Ms. Hattori,

      Transmittal herewith are certified copies of the above-entitled case pursuant to the Notice of Fililng of Notice of Removal of Civil Action; Attachment; Certificate of Service filed on March 22,2007 together with the Clerk's  Certificate of Transmittal.

                                        Sincerely,

                                        Jessica C. Cruz
                                        Acting Clerk of Court
                                        Superior Court of Guam

cc:
Atty. Jeffrey Cook for (Plaintiff)
Atty. Louie J. Yanza for (Defendants)

IN THE SUPERIOR COURT OF GUAM
HAGÅTÑA, GUAM

| | |
|---|---|
| JEREMY J. CAMACHO, ) | SUPERIOR COURT |
| ) | CASE NO. CV1219-05 |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| RYAN P. BLUME, NISSAN MOTORS ) | |
| CORPORATION IN GUAM, a Guam ) | |
| Corporation, TOKIO MARINE and ) | |
| NICHIDO FIRE INSURANCE CO., LTD., ) | |
| Defendants. ) | |
| ————————————————————————) | |

## **CLERK'S CERTIFICATE OF TRANSMITTAL**

The Clerk of the Superior Court of Guam do hereby transmit to the District Court of
Guam certified copies on the above-entitled case, to wit:

01. Cash Register Trans
02. Docketing Statement
03. Complaint For Damages filed 12/05/05.
04. Summons for Ryan P. Blume filed 12/05/05
05. Summons for Nissan Motors Corporation in Guam, A Guam Corporation
   filed 12/05/05
06. Summons for Tokio Marine And Nichido Fire Insurance Co. Ltd. Filed 12/05/05
07. Notice of Judge Assignment filed 12/14/05
08. Declaration of Service on Nanbo's Insurance filed 12/28/05
09. Declaration of Service on Nissan Motors Corporation filed 01/05/06
10. Answer filed on 01/13/06
11. Notice to Adverse Party of Removal to Federal Court filed 03/22/07
12. Notice of Filing of Notice of Removal of Civil Action; Attachment; Certificate of
   Service filed 03/22/07

Dated: 6|25|07

JESSICA C. CRUZ
ACTING CLERK OF COURT
Superior Court of Guam

ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Tel: 671-472-7332
5  Fax: 671-472-7215

6  Attorneys for the United States of America

7            IN THE SUPERIOR COURT OF GUAM

8                 TERRITORY OF GUAM

9  JEREMY J. CAMACHO,                    )    CIVIL NO. CV 1219-05
                                         )
10            Plaintiff,                 )    NOTICE OF FILING OF
        vs.                              )    NOTICE OF REMOVAL OF
11                                       )    CIVIL ACTION; ATTACHMENT;
   RYAN P. BLUME, NISSAN MOTORS          )    CERTIFICATE OF SERVICE
12 CORPORATION IN GUAM, a Guam           )
   Corporation, TOKIO MARINE and         )
13 NICHIDO FIRE INSURANCE CO., LTD.,     )
                                         )
14            Defendants.                )
                                         )
15
   TO:   CLERK OF THE COURT
16       Superior Court of Guam

17       JEFF COOK
         Law Offices of Cunliffe & Cook
18       210 Archbishop F.C. Flores Street
         Hagatna, Guam 96910
19       Attorney Plaintiff

20       LOUIE J. YANZA
         Maher, Yanza Flynn, Timblin, LLP
21       115 Hesler Place, Ground Floor
         Governor Joseph Flores Building
22       Hagatna, Guam 96910

23       Attorney for Defendants Nissan Motors Corp, Tokio Marine
         and Nichido Fire Ins. Co. Ltd.
24

25       PLEASE TAKE NOTICE that on 22ᴺᴰ day of March 2007, the United States of

26 America, on behalf of Ryan P. Blume, a federal employee, filed in the Office of the Clerk of the

27 United States District Court for the District of Guam, a Notice of Removal of Civil Action of the

28 above-entitled cause of action to the United States District Court. A copy of such notice is

1  annexed hereto.  A copy of the notice is being filed with the Clerk of the Superior Court of

2  Guam, for the Territory of Guam, pursuant to Title 28, United States Code, Sections 1441, 1442,

3  1444 and 1446.

4  DATED: Hagatna, Guam, ___MAR 22 2007_____.

5

6

7  LEONARDO M. RAPADAS
   United States Attorney
8  Districts of Guam and CNMI

9

10  BY: _____

11  MIKEL W. SCHWAB
    Assistant U.S. Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Tel: (671) 472-7332
   Fax: (671) 472-7215
5
   Attorneys for Defendant UNITED STATES OF AMERICA
6

7                  IN THE UNITED STATES DISTRICT COURT

8                        FOR THE DISTRICT OF GUAM

9
   JEREMY J. CAMACHO,                  )      CIVIL NO. _____
10                                      )
           Plaintiff,                   )
11                                      )
           vs.                          )      NOTICE OF REMOVAL OF
12                                      )      CIVIL ACTION; EXHIBIT A;
   RYAN P. BLUME, NISSAN MOTORS         )      CERTIFICATE OF SERVICE
13 CORPORATION IN GUAM, a Guam          )
   Corporation, TOKIO MARINE AND        )
14 NICHIDO FIRE INSURANCE CO., LTD.,    )
                                        )
15         Defendants.                  )
                                        )
16 ─────────────────────────────────────)

17         Upon direction of the Attorney General of the United States and pursuant to Title

18 28, United States Code, Sections 1441, 1442, 1444 and 1446, the undersigned attorneys on

19 behalf of Defendant Ryan P. Blume, a federal employee, acting in the scope of his employment,

20 hereby give notice of the removal of the above-captioned civil action to the United States District

21 Court for the District of Guam.  The grounds for this removal are as follows:

22         1.      On December 5, 2005, a Complaint was filed by plaintiff against

23 defendants, in the Superior Court of Guam, Territory of Guam.  The Superior Court action is

24 numbered Civil No. CV 1219-05

25         2.      A copy of the Complaint, relating to the said Superior Court action was

26 received in the United States Attorney's Office.  A copy of the Complaint, is attached hereto as

27 Exhibit A.

28

1    3.    The above-named action is a civil action which may be removed to this
2  court by the United States of America, pursuant to the provisions of Title 28, United States Code,
3  Sections 1441, 1442, 1444 and 1446 in that this action is an action involving a Federal Tort
4  Claims Act (FTCA), 28 U.S.C. § 2671 et seq. arising out of an accident which occurred on
5  December 6, 2003, on Route 15 and 26, Mangilao, Guam.  The defendant in that action, Ryan P.
6  Blume, has been certified by the U.S. Air Force as a federal employee who was acting within the
7  scope of his employment at the time of the accident.  Accordingly, the exclusive remedy is
8  against the United States pursuant to 28 U.S. C. § 2679(b)(1).

9        WHEREFORE, the United States of America gives notice that the above action
10 now pending against it in the Superior Court of Guam, Territory of Guam, is removed therefrom
11 to this Court.

12        This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil
13 Procedure.

14        DATED: Hagatna, Guam, 21st day of March 2007.

16                    LEONARD M. RAPADAS
                      United States Attorney
17                    Districts of Guam and CNMI

18                    BY: _____
19                        MIKEL W. SCHWAB
                          Assistant U.S. Attorney

- 2 -

1

2

3

4 <u>CERTIFICATE OF SERVICE</u>

5 I HEREBY CERTIFY that March 22ᵗʰ, 2007, I served a copy of the foregoing

6 Application by the United States of America for Writ of Certiorari Ordering the Records From

7 the Superior Court of Guam by personal service upon the following attorneys:

8

9 Louie J. Yanza                          Jeff Cook
   Maher, Yanza, Flynn, Timblin           Law Offices of Cunliffe & Cook
10 115 Hesler Place, Ground Floor          210 Archbishop F.C. Flores Street
   Governor Joseph Flores Building        Hagatna, Guam 96910
11 Hagatna, Guam 96910

12

13 *Frances B. Leon Guerrero*

14 FRANCES B. LEON GUERRERO
   Legal Assistant U.S. Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      - 3 -

**LAW OFFICES**
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

FILED
SUPERIOR COURT
OF GUAM

2005 DEC -5 PM 3: 39

CLERK OF COURT

Attorneys for: Plaintiff

## IN THE SUPERIOR COURT OF GUAM

**CV 1219-05**

| | |
|---|---|
| JEREMY J. CAMACHO | ) CIVIL CASE NO. CV_____ |
| Plaintiff, | ) |
| vs. | ) |
| | ) **COMPLAINT FOR DAMAGES** |
| RYAN P. BLUME, NISSAN MOTORS CORPORATION IN GUAM, a Guam Corporation, TOKIO MARINE AND NICHIDO FIRE INSURANCE CO. LTD., | ) ) ) ) |
| Defendants. | ) ) |

COMES NOW Plaintiff Jeremy J. Camacho, through counsel, Cunliffe & Cook, A Professional Corporation, and hereby allege as follows:

### FIRST CAUSE OF ACTION

1.     This Court has jurisdiction over the cause of action pursuant to 7 GCA §3105.

2.     Defendant Nissan Motors Corporation in Guam (hereafter "Defendant NMCG"), is, and at all times herein mentioned was, a business duly licensed in Guam, whose business includes the renting of automobiles.

3.     At all times herein mentioned, Defendant NMCG was the registered owner of the 2003 Nissan Sentra, Guam License Plate No. ASA4431.

4.     On information and belief, Defendant Ryan P. Blume (hereafter "Defendant Blume"), at the times mentioned herein, was a resident of Yigo, Guam, and was a permissive driver of the 2003 Nissan Sentra owned by Defendant NMCG.

**EXHIBIT**
**A**

5.       Defendant Tokio Marine and Nichido Fire Insurance Co. Ltd. (hereafter "Defendant Tokio"), is, and at all times mentioned here, was, a corporation doing business in Guam and insuring Defendant NMCG under a policy of automobile liability insurance as the successor of Nichido Fire and Marine Insurance Co. Ltd.

6.       Route 15 and Route 26, Mangilao, are, and at all times mentioned herein were, public highways in Guam.

7.       On or about December 6, 2003, at approximately 6:40 p.m., Plaintiff was a passenger in a vehicle driven by Seung Hwan Pak, owned by Moon K. Hwang, and insured by Defendant Tokio. The vehicle Plaintiff was a passenger in and driven by Seung Hwan Pak was traveling southbound on Route 15 by Route 26, Mangilao, Guam. Defendant Blume attempted to execute a left turn from Route 15 onto Route 26 and struck the vehicle driven by Seung Hwan Pak. Defendant Blume received a verbal warning from the Guam Police Department for failing to yield while making a left hand turn, in violation if 16 GCA §3325(c).

8.       At the time of the accident and immediately prior thereto, Defendant Blume was negligent and careless in the following particulars:

      a.       In failing to keep his automobile under proper control;

      b.       In failing to keep a proper look out for other vehicles using the highway in front of him and particularly the automobile in which Plaintiff was a passenger and was injured;

      c.       In operating his motor vehicle without due caution or circumspection, and in utter disregard of the rights of others and particularly the rights of Plaintiff herein; and,

      d.       In failing to yield the right of way at the intersection to the automobile Plaintiff was a passenger in, as noted in the warning of

- 2 -

the Guam Police Department. Each and all said acts of negligence were the approximate cause of the injuries to Plaintiff.

9. At the time of accident, Defendant Blume was driving the automobile in question with the consent, knowledge, permission and authority of Defendant NMCG. Defendant NMCG is liable for the damages caused by the negligence of Defendant Blume.

10. As a result of the negligence of Defendants and the resulting collision, Plaintiff received serious injuries to his right knee which caused significant and severe aggravation of a previous minor knee injury.

11. As a result of the accident, Plaintiff has suffered intense and continued pain and discomfort. Plaintiff has been subjected to pain, discomfort and suffering when attempting to use his right knee in carrying out the normal activities of daily life.

12. As result of the injuries to Plaintiff, it has been necessary for him to secure the services of physicians for treatment and purchase medicines for his treatment in an amount to be proved at trial.

13. Plaintiff's physicians have informed him, and therefore, he alleges on information and belief that it will be necessary for him to have surgery as further medical treatment in the future to correct the conditions herein and described above, in an amount to be proved at trial.

14. Since the date of the accident and resulting personal injuries set forth above, Plaintiff has suffered physical and emotional pain and suffering and in all reasonable probability, will continue to suffer pain for years, if not for the rest of his life. Plaintiff therefore, sues Defendants for physical and emotional pain and suffering, both past and future, as well as loss of enjoyment of life, in an amount to be proved at trial.

- 3 -

15. As a further direct and approximate result of the above, Plaintiff was permanently injured in his health and physical ability, causing diminishment of Plaintiff's future earning capacity, all to his damage in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

16. Plaintiff reallege paragraphs 1 through 15, inclusive, of the First Cause of Action and incorporate them herein as if set out in their entirety.

17. Defendant Tokio, the automobile liability insurance carrier for Defendant NMCG, is directly liable within the terms and limits of its policy for the damages alleged herein pursuant to 22 GCA §18305.

## PRAYER

WHEREFORE, Plaintiff Jeremy J. Camacho prays for judgment against all Defendants, jointly and severally, as follows:

1. For damages for medical expenses, past and future, in an amount to be proved at trial.

2. For damages for pain and suffering and loss of enjoyment of life in an amount to be proved at trial.

3. For damages for reduced future earning capacity in an amount to proved at trial.

4. For Plaintiff's cost of suit herein.

5. For such other and further relief as the Court deems just and proper.

CUNLIFFE & COOK
A Professional Corporation
Attorneys for Plaintiff

Dated: Dec 5, 2005

By _____
JEFFREY A. COOK, ESQ.

# VERIFICATION

Hagåtña, Guam.

    I, Jeremy J. Camacho, being first duly sworn, depose and state that I am the Plaintiff in the above-entitled matter; that I have read the foregoing Complaint for Damages and know the contents thereof; that the same is true of my knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

                                                              **JEREMY J. CAMACHO**

Hagåtña, Guam.

    SUBSCRIBED and SWORN to before me this __5th__ day of December, 2005, by *JEREMY J. CAMACHO.*

NOTARY PUBLIC

ANTHONY M. MANIBUSAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires May 12, 2008
Suite 200, 210 Archbishop F.C. Flores Street
Hagatña, Guam 96910

JAC:amm / My Files / Civil Matters
Comp for Damages C0298

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JUN 2 5 2007

James R. Borja

- 5 -

ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Tel: 671-472-7332
5  Fax: 671-472-7215

6  Attorneys for the United States of America

7
                    IN THE SUPERIOR COURT OF GUAM
8
                         TERRITORY OF GUAM
9

10  JEREMY J. CAMACHO,                    )    CIVIL NO. CV 1219-05
                                          )
11              Plaintiff,                )    NOTICE TO ADVERSE PARTY OF
         vs.                              )    REMOVAL TO FEDERAL COURT
12                                        )
    RYAN P. BLUME, NISSAN MOTORS          )
13  CORPORATION IN GUAM, a Guam           )
    Corporation, TOKIO MARINE and         )
14  NICHIDO FIRE INSURANCE CO., LTD.,     )
                                          )
15              Defendants.               )
                                          )
16  _____ )

17  TO:    ATTORNEYS OF RECORD:

18         JEFF COOK
           Law Offices of Cunliffe & Cook
19         210 Archbishop F.C. Flores Street
           Hagatna, Guam 96910
20         Attorney Plaintiff

21         LOUIE J. YANZA
           Maher, Yanza Flynn, Timblin, LLP
22         115 Hesler Place, Ground Floor
           Governor Joseph Flores Building
23         Hagatna, Guam 96910
           Attorney for Defendants Nissan Motors Corp, Tokio Marine and Nichido Fire Ins. Co.
24         Ltd.

25         PLEASE TAKE NOTICE THAT a Notice of Removal of Civil Action was filed in the

26  United States District Court for the District of Guam, on _22^ND_ March, 2007.

27

28

1    A copy of such notice is annexed hereto. A copy of the notice is being filed with the

2    Clerk of the Superior Court of Guam, for the Territory of Guam, pursuant to Title 28, United

3    States Code, Sections 1441, 1442, 1444 and 1446.

4            DATED: Hagatna, Guam, _MAR 22 2007_____.

7                                    LEONARDO M. RAPADAS
                                     United States Attorney
8                                    Districts of Guam and CNMI

10                        BY: _____
                              MIKEL W. SCHWAB
11                            Assistant U.S. Attorney

25                                                        I do hereby certify that the foregoing
                                                          is a full true and correct copy of the
26                                                        original on file in the office of the
                                                          clerk of the Superior Court of Guam
27                                                        Dated at Hagatna, Guam

                                                              JUN 25 2007

28
                                                          James R. Borja

1  Louie J. Yanza
2  **MAHER · YANZA · FLYNN · TIMBLIN, LLP**
   115 Hesler Place, Ground Floor
3  **Governor Joseph Flores Building**
   Hagåtña, Guam 96910
4  Telephone No.: (671) 477-7059
   Facsimile No.: (671) 472-5487
5
   **Attorneys for Defendants**
6  NISSAN MOTORS CORPORATION IN GUAM and TOKIO MARINE AND NICHIDO
   FIRE INSURANCE CO, LTD.
7

8                    SUPERIOR COURT OF GUAM

9

10  JEREMY J. CAMACHO                        CIVIL CASE NO. CV1219-05

11                    Plaintiff,
                                             ANSWER
12           vs.

13  RYAN P. BLUME, NISSAN MOTORS
    CORPORATION IN GUAM, a Guam
14  Corporation, TOKIO MARINE AND
    NICHIDO FIRE INSURANCE CO., LTD.,
15
                    Defendants.        /
16

17       Defendants **NISSAN MOTORS CORPORATION IN GUAM** and **TOKIO**

18  **MARINE AND NICHIDO FIRE INSURANCE CO., LTD.** (hereinafter collectively

19  referred to as "Answering Defendants"), through counsel, **MAHER · YANZA ·**

20  **FLYNN · TIMBLIN, LLP**, by Louie J. Yanza, severing themselves from all other

21

22  Defendants named herein, hereby answer the Complaint filed on December 5, 2005,

23  in the above entitled action, as follows:

24       1.    Answering Defendants admit the allegations contained in paragraphs 1,

25       2, 3, and 5 of the Complaint.

                                       1

ORIGINAL

2. Answering Defendants deny, generally and specifically, each and every allegation contained in paragraphs 8, 10, 11, 12, 13, 14, and 15 of the Complaint.

3. Answering Defendants state that they are without knowledge or information sufficient to allow them to formulate a belief as to the truth or veracity of the allegations contained in paragraphs 3, 6, and 7 of the Complaint and, based thereon, therefore, deny, generally and specifically, the same.

4. In response to the reallegations contained in paragraph 16 Plaintiff's Complaint, Answering Defendants reallege and incorporate herein by this reference their responses to said paragraph as if more fully set forth herein.

5. In response to paragraph 9 of the Plaintiff's Complaint, Answering Defendants admit Defendant RYAN P. BLUME was the permissive driver of the vehicle owned by Defendant NISSAN MOTORS CORPORATION IN GUAM. Answering Defendants deny, generally and specifically, all of the other remaining allegations contained in paragraph 9 of the Complaint.

6. In response to paragraph 17 of the Complaint, Answering Defendants admit only that pursuant to 22 G.C.A. §18305, Plaintiff is entitled to maintain a direct action against Defendant TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD. within the terms and limits of

the policy. Answering Defendants deny, generally and specifically, all the remaining allegations contained therein.

7.    Except as otherwise specifically admitted herein, Answering Defendants deny, generally and specifically, each and every allegation not otherwise denied in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Answering Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages or injuries, if any, were caused by the negligence of Seung Hwan Pak.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages or injuries, if any, were caused by the comparative negligence of Plaintiff JEREMY J. CAMACHO.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants reserve their right to assert such further affirmative defenses as may appear as discovery proceeds.

WHEREFORE, Answering Defendants herein pray for relief as follows:

3

1.   That Plaintiff take nothing against Answering Defendants by way of his Complaint;

2.   That Plaintiff's Complaint be dismissed with prejudice;

3.   That Answering Defendants be awarded their costs in defending this action;  and

4.   For such other and further relief as the Court may deem just and proper.

Dated this *13* day of January, 2006.

**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
Attorneys for Answering Defendants
**NISSAN MOTORS CORPORATION IN GUAM and TOKIO MARINE AND NICHIDO FIRE INSURANCE CO., LTD.**



BY: _____
      LOUIE J. YANZA



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUN 25 2007

*Janice R. Borja*

4

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

1

2                                          )      CIVIL CASE NO. CV 219 - 05
                                           )      2006 JAN -5 PM 1: 19
3   _____)
                                           )          CLERK OF COURT
4   JEREMY J. CAMACHO                      )      **DECLARATION OF**
              **Plaintiff(s)**             )      (X) SERVICE
5                                          )      ( ) NON-SERVICE
                                           )
         vs.                               )
6                                          )
    RYAN P. BLUME, NISSAN MOTORS           )
7                                          )
    CORPORATION IN GUAM, a GUAM            )
8                                          )
    Corp., TOKIO MARINE AND Nichido        )
9                **Defendant(s)**          )
    FIRE INSURANCE Co. LTD,                )

10          I, **CHARLES T. DAMIAN,** being first duly sworn, depose and say that: I am

11   a duly licensed Process Server in the Island of Guam and not a party interested in
     the above captioned case. That I:

12   (X) served upon NISSAN MOTORS CORPORATION IN GUAM

13   the below listed document(s) to: J. BORJA, CORPORATE OFFICER, HR MGR.

14   personally at: UPPER TUMON, NISSAN MOTORS 2 ND FLOOR, Tamon Guam

15   On the __4__ day of JAN. , 2006 , at 10:15 (a.m.) (p.m.)

16   ( ) attempted to serve the below listed document(s) at the address thereon
     provided, but was unable to effect such service for the following reason(s):

17   _____

18   _____

19          **Document(s) to be Served:**
           (X) Summons, Copy of Complaint, or Affidavit

20          ( ) Amended Summons, Copy of Complaint or Affidavit
           ( ) Motion Order to Show Cause or JDX

21          ( ) Others:_____

22   I declare under penalty of perjury that the forgoing Declaration is true and correct.

23                                          _____
                                            **CHARLES T. DAMIAN**
24                                          **Process Server No. SP0199-99**

     Document Fee(s): Attempts: 2
25                    Mileage 12 m.
                                            I do hereby certify that the foregoing
26   HEARING DATE:_____             is a full true and correct copy of the
                                            original on file in the office of the
                                            court of the Superior Court of Guam
27                                          Dated at Hagatna, Guam

                                            JUN 25 2007
28
                                            James R. Borja

Case 1:07-cv-00005     Document 19     Filed 06/26/2007     Page 19 of 31

ATTY: Jeffrey Cook
210 Archbishop St.
Hagatna Guam
(671) 477-1289

**IN THE SUPERIOR COURT OF GUAM**

CIVIL CASE NO. CV 1209265

CLERK OF COURT

*(handwritten left margin, vertical:)* ATTY: JEFF REY COOK 210 ARCHBISHOP F.C. FLORES ST. HAGATNA GUAM (671) 472-1824

```
                                    )
                                    )
_____        )
                                    )
JEREMY J. CAMACHO,                  )
          Plaintiff(s)              )
                                    )
              vs.                   )
                                    )
RYAN P. BLUME, NISSAN               )
MOTORS CORPORATION IN GUAM, a       )
GUAM CORPORATION, TOKIO             )
                                    )
MARINE and NICHIDO FIRE             )
          Defendant(s)              )
                                    )
INSURANCE CO. LTD.,                 )
```

**DECLARATION OF**
(X) **SERVICE**
( ) **NON-SERVICE**

I, **CHARLES T. DAMIAN**, being first duly sworn, depose and say that: I am a duly licensed Process Server in the Island of Guam and not a party interested in the above captioned case. That I:

(X) served upon NANbo's INSURANCE
the below listed document(s) to: (W)1648-2020 GIL A. BAGIAO, JR., CLAIMS MANAGER

personally at: ITC BLDG. 1ST FLOOR TAMUNING GUAM
MARINE DR.

On the 27 day of DEC., 2005, at 2:30 (a.m.) (p.m.)
( ) attempted to serve the below listed document(s) at the address thereon provided, but was unable to effect such service for the following reason(s):

_____

_____

**Document(s) to be Served:**
(X) Summons, Copy of Complaint, or Affidavit
( ) Amended Summons, Copy of Complaint or Affidavit
( ) Motion Order to Show Cause or JDX
( ) Others:_____

I declare under penalty of perjury that the forgoing Declaration is true and correct.

**CHARLES T. DAMIAN**
**Process Server No. SP0199-99**

Document Fee(s): Attempts: 2
Mileage 8mt

HEARING DATE:_____

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at: Hagatna, Guam

JUN 25 2007

James R. Borja

# IN THE SUPERIOR COURT OF GUAM

JEREMY J. CAMACHO

        Plaintiff,

        Vs.

RYAN P. BLUME,NISSAN MOTORS
**CORPORATION IN GUAM,aGuam
Corporation,Tokio and Nichido Fire
Insurance Co.LTD**
        Defendant.

)Civil Case No. CV1219-05
)
)
)
)
)
)
)   **N O T I C E**
)
)
)
)
)
)

TO:    ATTY. Jeffrey A. Cook-Attorney for Plaitiff.


    As directed by the Presiding Judge Alberto C.Lamorena III., pursuant to 7 Guam Code Annotated, Section 4103, (as amended by Public Law 24-139), the above entitled case is assigned to: **THE HONORABLE JUDGE MICHAEL J. BORDALLO**

    Dated: DEC. 14,2005


_for_

RICHARD B. MARTINEZ
Clerk of Court
Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagatna, Guam

JUN 2 5 2007

James R. Borja

**LAW OFFICES**
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU  96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Plaintiff

FILED
SUPERIOR COURT
OF GUAM

2005 DEC -5  PM 3: 39

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

**CV 1219-05**

| | |
|---|---|
| JEREMY J. CAMACHO | CIVIL CASE NO. CV_____ |
| Plaintiff, | |
| vs. | |
| RYAN P. BLUME, NISSAN MOTORS CORPORATION IN GUAM, a Guam Corporation, TOKIO MARINE AND NICHIDO FIRE INSURANCE CO. LTD., | **SUMMONS** |
| Defendants. | |

TO THE ABOVE NAMED DEFENDANT: TOKIO MARINE AND NICHIDO FIRE INSURANCE CO. LTD.

To the within named Defendant (by serving upon its president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process), GREETINGS:

You are hereby summoned and required to serve upon **Cunliffe & Cook**, Attorneys for Plaintiffs, Suite 200, 210 Archbishop F.C. Flores Street, Hagåtña, Guam 96910, an answer to the Complaint which is herewith served upon you within **20 days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

RICHARD B. MARTINEZ, Acting Clerk
**SUPERIOR COURT OF GUAM**

*Benny O. Cruz*

Dated: **0 5 DEC 2005**    By_____

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

ACTING CLERK

JUN 25 2007

FILED
SUPERIOR COURT
OF GUAM

**LAW OFFICES**
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Plaintiff

## IN THE SUPERIOR COURT OF GUAM



| | |
|---|---|
| JEREMY J. CAMACHO | CIVIL CASE NO. CV 1219-05 |
| Plaintiff, | |
| vs. | SUMMONS |
| RYAN P. BLUME, NISSAN MOTORS CORPORATION IN GUAM, a Guam Corporation, TOKIO MARINE AND NICHIDO FIRE INSURANCE CO. LTD., | |
| Defendants. | |

### TO THE ABOVE NAMED DEFENDANT: NISSAN MOTORS COPORATION IN GUAM, A GUAM CORPORATION

To the within named Defendant (by serving upon its president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process), GREETINGS:

You are hereby summoned and required to serve upon **Cunliffe & Cook**, Attorneys for Plaintiffs, Suite 200, 210 Archbishop F.C. Flores Street, Hagåtña, Guam 96910, an answer to the Complaint which is herewith served upon you within **20 days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

RICHARD B. MARTINEZ, Acting Clerk
**SUPERIOR COURT OF GUAM**

Dated: 0 5 DEC 2005

*Benny O. Cruz*

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

ACTING CLERK

JUN 25 2007

*James R. Borja*

**LAW OFFICES**
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Plaintiff

FILED
SUPERIOR COURT
OF GUAM

[illegible] 3: 39

[illegible] COURT



## IN THE SUPERIOR COURT OF GUAM

CV 1219-05

| | |
|---|---|
| JEREMY J. CAMACHO | ) CIVIL CASE NO. CV_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **SUMMONS** |
| RYAN P. BLUME, NISSAN MOTORS | ) |
| CORPORATION IN GUAM, a Guam | ) |
| Corporation, TOKIO MARINE AND | ) |
| NICHIDO FIRE INSURANCE CO. LTD., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### TO THE ABOVE NAMED DEFENDANT: RYAN P. BLUME

You are hereby summoned and required to serve upon **Cunliffe & Cook**, Attorneys for Plaintiffs, Suite 200, 210 Archbishop F.C. Flores Street, Hagåtña, Guam 96910, an answer to the Complaint which is herewith served upon you within **20 days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

RICHARD B. MARTINEZ, Acting Clerk
**SUPERIOR COURT OF GUAM**

Dated: 0 5 DEC 2005

By *Benny O. Cruz*
Deputy Clerk

I do hereby certify that the foregoing
is a true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JUN 2 5 2007

*James R. Borja*

**LAW OFFICES**
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Plaintiff



FILED
SUPERIOR COURT
OF GUAM

2005 DEC -3 PM 2: 39

CLER     COURT

## IN THE SUPERIOR COURT OF GUAM

**1219-05**

JEREMY J. CAMACHO

              Plaintiff,

        vs.

RYAN P. BLUME, NISSAN MOTORS
CORPORATION IN GUAM, a Guam
Corporation, TOKIO MARINE AND
NICHIDO FIRE INSURANCE CO. LTD.,

              Defendants.

CIVIL CASE NO. CV_____

**COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiff Jeremy J. Camacho, through counsel, Cunliffe & Cook, A Professional Corporation, and hereby allege as follows:

### FIRST CAUSE OF ACTION

1.    This Court has jurisdiction over the cause of action pursuant to 7 GCA §3105.

2.    Defendant Nissan Motors Corporation in Guam (hereafter "Defendant NMCG"), is, and at all times herein mentioned was, a business duly licensed in Guam, whose business includes the renting of automobiles.

3.    At all times herein mentioned, Defendant NMCG was the registered owner of the 2003 Nissan Sentra, Guam License Plate No. ASA4431.

4.    On information and belief, Defendant Ryan P. Blume (hereafter "Defendant Blume"), at the times mentioned herein, was a resident of Yigo, Guam, and was a permissive driver of the 2003 Nissan Sentra owned by Defendant NMCG.



5.     Defendant Tokio Marine and Nichido Fire Insurance Co. Ltd. (hereafter "Defendant Tokio"), is, and at all times mentioned here, was, a corporation doing business in Guam and insuring Defendant NMCG under a policy of automobile liability insurance as the successor of Nichido Fire and Marine Insurance Co. Ltd.

6.     Route 15 and Route 26, Mangilao, are, and at all times mentioned herein were, public highways in Guam.

7.     On or about December 6, 2003, at approximately 6:40 p.m., Plaintiff was a passenger in a vehicle driven by Seung Hwan Pak, owned by Moon K. Hwang, and insured by Defendant Tokio. The vehicle Plaintiff was a passenger in and driven by Seung Hwan Pak was traveling southbound on Route 15 by Route 26, Mangilao, Guam. Defendant Blume attempted to execute a left turn from Route 15 onto Route 26 and struck the vehicle driven by Seung Hwan Pak. Defendant Blume received a verbal warning from the Guam Police Department for failing to yield while making a left hand turn, in violation if 16 GCA §3325(c).

8.     At the time of the accident and immediately prior thereto, Defendant Blume was negligent and careless in the following particulars:

a.     In failing to keep his automobile under proper control;

b.     In failing to keep a proper look out for other vehicles using the highway in front of him and particularly the automobile in which Plaintiff was a passenger and was injured;

c.     In operating his motor vehicle without due caution or circumspection, and in utter disregard of the rights of others and particularly the rights of Plaintiff herein; and,

d.     In failing to yield the right of way at the intersection to the automobile Plaintiff was a passenger in, as noted in the warning of

- 2 -

the Guam Police Department. Each and all said acts of negligence were the approximate cause of the injuries to Plaintiff.

9.   At the time of accident, Defendant Blume was driving the automobile in question with the consent, knowledge, permission and authority of Defendant NMCG. Defendant NMCG is liable for the damages caused by the negligence of Defendant Blume.

10.   As a result of the negligence of Defendants and the resulting collision, Plaintiff received serious injuries to his right knee which caused significant and severe aggravation of a previous minor knee injury.

11.   As a result of the accident, Plaintiff has suffered intense and continued pain and discomfort. Plaintiff has been subjected to pain, discomfort and suffering when attempting to use his right knee in carrying out the normal activities of daily life.

12.   As result of the injuries to Plaintiff, it has been necessary for him to secure the services of physicians for treatment and purchase medicines for his treatment in an amount to be proved at trial.

13.   Plaintiff's physicians have informed him, and therefore, he alleges on information and belief that it will be necessary for him to have surgery as further medical treatment in the future to correct the conditions herein and described above, in an amount to be proved at trial.

14.   Since the date of the accident and resulting personal injuries set forth above, Plaintiff has suffered physical and emotional pain and suffering and in all reasonable probability, will continue to suffer pain for years, if not for the rest of his life. Plaintiff therefore, sues Defendants for physical and emotional pain and suffering, both past and future, as well as loss of enjoyment of life, in an amount to be proved at trial.

- 3 -

15.   As a further direct and approximate result of the above, Plaintiff was permanently injured in his health and physical ability, causing diminishment of Plaintiff's future earning capacity, all to his damage in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

16.   Plaintiff reallege paragraphs 1 through 15, inclusive, of the First Cause of Action and incorporate them herein as if set out in their entirety.

17.   Defendant Tokio, the automobile liability insurance carrier for Defendant NMCG, is directly liable within the terms and limits of its policy for the damages alleged herein pursuant to 22 GCA §18305.

## PRAYER

WHEREFORE, Plaintiff Jeremy J. Camacho prays for judgment against all Defendants, jointly and severally, as follows:

1.   For damages for medical expenses, past and future, in an amount to be proved at trial.

2.   For damages for pain and suffering and loss of enjoyment of life in an amount to be proved at trial.

3.   For damages for reduced future earning capacity in an amount to proved at trial.

4.   For Plaintiff's cost of suit herein.

5.   For such other and further relief as the Court deems just and proper.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Plaintiff

Dated: _Dec 5, 2005_

By_____
JEFFREY A. COOK, ESQ.

- 4 -

# VERIFICATION

Hagåtña, Guam.

I, Jeremy J. Camacho, being first duly sworn, depose and state that I am the Plaintiff in the above-entitled matter; that I have read the foregoing Complaint for Damages and know the contents thereof; that the same is true of my knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

_____
JEREMY J. CAMACHO

Hagåtña, Guam.

SUBSCRIBED and SWORN to before me this **5th** day of December, 2005, by *JEREMY J. CAMACHO*.

_____
NOTARY PUBLIC

> ANTHONY M. MANIBUSAN
> NOTARY PUBLIC
> In and for Guam, U.S.A.
> My Commission Expires: May 13, 2006
> Suite 200, 210 Archbishop F.C. Flores Street
> Hagatna, Guam 96910

JAC:amm / My Files / Civil Matters
Comp for Damages C0298

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam
Dated at Hagatna, Guam

JUN 2 5 2007

James R. Borja

- 5 -

# DOCKETING STATEMENT

CASE No. CV

**CV 1219-05**

| PLAINTIFF(S) / PETITIONER(S): | DEFENDANT(S) / RESPONDENT(S): |
|---|---|
| JEREMY J. CAMACHO | RYAN P. BLUME<br>NISSAN MOTORS CORPORATION IN GUAM,<br>A GUAM CORPORATION<br>TOKIO MARINE AND NICHIDO FIRE INSURANCE<br>CO. LTD. |
| **RESIDENTIAL ADDRESS:**<br><br>Post Office Box 3509<br>Hagåtña, Guam 96910 | **RESIDENTIAL ADDRESS:** |
| **ATTORNEYS:**<br>(Firm Name, Address and Telephone Number)<br><br>Jeffrey A. Cook, Esq.<br>CUNLIFFE & COOK<br>A Professional Corporation<br>Suite 200<br>210 Archbishop F.C. Flores Street<br>Hagåtña, GU 96910<br>Telephone: (671) 472-1824<br>Telecopier: (671) 472-2422 | **ATTORNEYS:**<br>(Firm Name, Address and Telephone Number) |

**CAUSE OF ACTION:**

Claim for Personal Injury

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JUN 2 5 2007



*James R. Borja*

**RECEIVED**

DEC – 5 2005

**SUPERIOR COURT
OF GUAM
CLERKS OFFICE**

DATE: 12/05/05                    SUPERIOR COURT OF GUAM                    TIME: 15:44:36

        CASE NO: CV1219-05
            TYPE: CIVIL
        CAPTION: JEREMY J. CAMACHO VS, RYAN P. BLUME, ET AL.,
    TOTAL AMOUNT:        171.00

| Reference Number | Reference Date | Description | Rev acct | Amt Owed |
|---|---|---|---|---|
| 050017312 | 12/05/2005 | JBF/CV CIVIL FILING FEES | 33052101 | 150.00 |
| 050017312 | 12/05/2005 | JBF/CV CIVIL SUMMONS | 33052103 | 21.00 |



I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam

JUN 25 2007



James R. Borja